[Cite as *State v. Martin*, 2022-Ohio-2372.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210644 |
| | | TRIAL NO. B-1402350 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| RONALD MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:    July 8, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ronald Martin*, pro se.

**WINKLER, Judge**.

**{¶1}** Petitioner-appellant Ronald Martin appeals the Hamilton County Common Pleas Court's judgment denying his petition under R.C. 2953.21 et seq. for postconviction relief and his motion for a new trial. Upon our determination that the trial court had no jurisdiction to entertain the petition or the new-trial motion, we affirm the judgment as modified to dismiss the petition and the new-trial motion.

**{¶2}** In 2014, following a bench trial, Martin was convicted of the rape and kidnapping of a child-victim and sentenced to an aggregate prison term of 40 years to life. We affirmed his convictions and sentence on appeal. *State v. Martin*, 1st Dist. Hamilton No. C-150054, 2016-Ohio-802. In holding that his conviction for rape was supported with sufficient evidence and not against the weight of the evidence, we held that "in light of the fact that Martin admitted to the conduct, and his version of events was corroborated by the victim and by the video surveillance evidence, the trial court did not err by failing to consider the lack of DNA evidence dispositive." *Id*. at ¶ 22.

**{¶3}** In 2020, Martin filed his petition for postconviction relief in the trial court. He argued that his petition was untimely because he had to request, from his attorney, a copy of the "Official Crime Laboratory Report," which set forth the results of the DNA testing performed during the investigation of the crimes. The laboratory report stated that Martin's DNA was not found on the victim's clothing and that the other DNA-profile found on the clothing (not the victim's) was "not suitable for entry into the CODIS database." Martin contends in his first postconviction claim that given the results of the laboratory report, his trial counsel was ineffective by failing to discuss this report at trial or submitting it into evidence. In his second claim, he contends that the police investigation was "shoddy" because despite the laboratory report showing his DNA-profile was not found on the victim's clothing, the police had failed to question known sex offenders living near the location where the crime had occurred.

**{¶4}** In August 2021, Martin filed a motion for a new trial on the grounds of irregularity in the proceedings, which prevented him from having a fair trial. He argued that the laboratory report, which indicates a lack of DNA evidence connecting him to the charged offenses, demonstrates his actual innocence.[1]

**{¶5}** The trial court denied both the petition for postconviction relief and the motion for a new trial. Martin now appeals from that judgment raising two assignments of error. Under those assignments, he argues the trial court erred by denying his petition and new-trial motion where he demonstrated that he had been denied a fair trial due to ineffective assistance of counsel and the state's suppression of a "shoddy" police investigation.

### No Jurisdiction to Entertain the Petition

**{¶6}** Martin filed his postconviction petition well after the time prescribed by R.C. 2953.21(A)(2) had expired. A trial court may entertain a late postconviction petition only if the petition satisfies the jurisdictional requirements of R.C. 2953.23(A)(1) or (A)(2). The petition must show either that the petitioner was unavoidably prevented from timely discovering the facts upon which the postconviction claims depend, or that the postconviction claims are predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the petition had expired. R.C. 2953.23(A)(1)(a). And the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b). The petitioner may also show he or she was convicted of a felony, had postconviction DNA testing performed, and the results of that testing establish by clear and convincing

---

[1] Martin states that he had moved for a new trial in May 2020, and submitted a file-stamped copy of the new-trial motion dated May 8, 2020. But that motion was never docketed in the trial court's journal. Nevertheless, it is similar, if not identical, to the 2021 motion and that motion was considered by the trial court.

evidence actual innocence of the felony offense. R.C. 2953.23(A)(2). If the petitioner does not satisfy either of those jurisdictional requirements, the petition is subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A).

{¶7} Martin has not satisfied the jurisdictional requirements of R.C. 2953.23(A)(2) because he did not have postconviction DNA testing performed. Nor has he satisfied the jurisdictional requirements under R.C. 2953.23(A)(1). Martin has not demonstrated that he was unavoidably prevented from discovering the laboratory report. The record demonstrates that (1) Martin's trial counsel received the report prior to trial; (2) the report was admitted as an exhibit at trial; and (3) trial counsel argued that the laboratory report demonstrated that Martin was not guilty of rape because his DNA-profile was not found on the victim's clothing. Although Martin argues that he had to contact his counsel to get a copy of the laboratory report, he had ample time to do so within the year after his conviction. Further, Martin cannot show that but for constitutional error at trial, no reasonable factfinder would have found him guilty of the charged offenses. The trial court considered the laboratory report and still found him guilty due to his confession and the victim's testimony.

{¶8} Because Martin's late postconviction petition did not satisfy R.C. 2953.23's jurisdictional standards, we hold that the trial court properly declined to entertain the petition. Because the trial court had no jurisdiction to entertain the petition, the petition was subject to dismissal without an evidentiary hearing. *See* R.C. 2953.21(D) and 2953.23(A).

**No Jurisdiction to Entertain the New-Trial Motion**

{¶9} A new-trial motion on the grounds of an "irregularity in the proceedings" must be filed within 14 days of the verdict. If not filed within the applicable time frame, the new-trial motion may be filed within seven days after the

granting of leave to file a new-trial motion. Crim.R. 33(B). Here, Martin never moved for leave to file his motion. Therefore, because Martin did not comply with Crim.R. 33(B), the new-trial motion was not properly before the court. *State v. Howard*, 1st Dist. Hamilton No. C-210285, 2022-Ohio-2159, ¶ 23. Accordingly, we hold that the trial court properly declined to entertain the motion.

## Conclusion

{**¶10**}   Because the trial court had no jurisdiction to entertain the petition or the motion, both were subject to dismissal. We, therefore, modify the court's judgment denying the petition and motion to reflect their dismissal. *See* App.R. 12(A)(1)(a). The judgment of the trial court is affirmed as modified.

Judgment affirmed as modified.

**MYERS, P.J.**, and **BOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5